# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2041V

|  |  |
|---|---|
| JUDITH HATT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2023 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2020, Judith Hatt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration and neurological injury which was caused-in-fact by the influenza vaccine on September 18, 2018. Petition, ECF No. 1. On February 2, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 61.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,461.64 (representing $41,424.00 for attorney's fees and $1,282.19 for attorney's costs incurred by Petitioner's current attorney, Ronald C. Homer); and ($5,721.10 for attorney's fees and $34.35 for attorney's costs incurred by Petitioner's former counsel, Maglio Christopher & Toale, Law). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed July 6, 2023, ECF No. 66. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred $10.75 in out-of-pocket expenses. ECF No. 67.

Respondent reacted to the motion on July 7, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 68. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$48,472.39** (representing $42,716.94 for fees and costs incurred by Petitioner and Petitioner's current attorney, Ronald C. Homer; and $5,755.45 for fees and costs incurred by Petitioner and Petitioner's former attorney, Maglio Christopher & Toale, Law); **as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's current counsel, Ronald C. Homer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

2